THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SPIVEY 60 LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>*Defendant*. | Case No. |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Nationwide"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above-captioned action from the Superior Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia. Nationwide asserts the following grounds supporting removal:

**I.      NATURE OF THE INSTANT ACTION**

1.      In this first party breach of contract and bad faith insurance action, Plaintiff Spivey 60 LLC ("Spivey") alleges it is an insured of Nationwide and that Nationwide allegedly incorrectly estimated the value of substantial losses—in the aggregate in excess of seven figures—for certain commercial property roof and

interior water damage sustained by Spivey following an August 7, 2023 wind/hail storm and August 23, 2023 water loss, respectively; Plaintiff alleges Nationwide refused to pay such amounts in insurance benefits demanded by Spivey.

2.      On December 14, 2024, Spivey filed its Complaint in the Superior Court of Gwinnett County, Case No. 24-A-11141-1 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit 1.**

3.      In the Complaint, Spivey alleges that Nationwide breached its contract of insurance and acted in bad faith pursuant to O.C.G.A. § 33-4-6, and seeks compensatory and bad faith damages. *See generally* **Ex. 1.**

II.     **PAPERS FROM THE REMOVED ACTION**

4.      In accordance with 28 U.S.C. § 1446(a), Nationwide attaches as **Exhibit 1** to this Notice of Removal a copy of all process, pleadings, and orders filed in the State Court Action.

III.    **GROUNDS FOR REMOVAL**

5.      Pursuant to 28 U.S.C. § 1441, Nationwide removes this action to the district court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of

interest and costs. Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed within thirty days of when Nationwide was served with a copy of Plaintiffs' Complaint.[1]

### A.  Complete diversity of citizenship exists between the parties.

6.  Spivey is a Georgia corporation, with its principal place of business in Georgia. Compl. ¶ 1. Accordingly, Spivey is a citizen of Georgia for purposes of determining diversity jurisdiction.

7.  Spivey alleges Nationwide is a foreign insurance corporation doing business in Georgia. Compl. ¶ 2. Indeed, Nationwide was and is a ***non***-citizen of Georgia.

8.  Nationwide General Insurance Company is instead a company organized, incorporated, and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. Nationwide is, therefore, a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

9.  Accordingly, complete diversity of citizenship exists between the parties because Spivey is not a citizen of the same state as Nationwide. *See* 28 U.S.C. § 1332(a)(1).

---

[1] Nationwide was served with this Complaint on December 20, 2024.

**B.     The amount-in-controversy is satisfied.**

10.    "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. §§ 1332(a), 1441(a). A defendant may look at the face of the complaint and rely on a good-faith estimate that the amount in controversy exceeds $75,000. *See Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (noting a party "satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.").

11.    Here, Spivey seeks certain compensatory damages as an alleged breach of the at-issue contract of insurance issued by Nationwide to Spivey. Spivey alleges that it made a demand to Nationwide "for $825,462.97" in physical storm-linked damages to Spivey's property, and further alleged that Nationwide "den[ied] Plaintiff's claim." Compl. ¶ 17. Spivey also alleges that it made a demand "for $2,981,082.67" to Nationwide regarding the distinct water loss claim it made, and further alleged that Nationwide denied that claim as well. Compl. ¶ 30. Moreover, Spivey also seeks an additional 50% of total compensatory damages awarded as statutory bad faith penalties and statutory bad faith attorney's fees. Compl. ¶ 62.

12.    Thus, based on the allegations contained in Spivey's Complaint, the amount-in-controversy easily exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(i).

### C.     Removal is timely.

13.    Nationwide was served with this Complaint on December 20, 2024.

14.    This Notice of Removal is timely because it is filed within thirty days after Nationwide was served with a copy of the Complaint, and because it is filed less than one year after this action commenced.  *See* 28 U.S.C. § 1446(b) and (c).

## IV.    VENUE IS PROPER

15.    Pursuant to 28 U.S.C. § 116(c), the United States District Court for the Northern District of Georgia is the federal judicial district encompassing the Superior Court of Gwinnett County, Georgia, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

## V.     FILING OF REMOVAL PAPERS

16.    Pursuant to 28 U.S.C. 1446(d), Nationwide will promptly file a Notice of Filing of Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the clerk of the court for the Superior Court of Gwinnett County, Georgia where the instant action was pending, and will serve a copy of the same upon counsel for Spivey.

## VI.    CONCLUSION AND PRAYER

17.    Nationwide has satisfied all conditions and procedures for removal.  If any questions of the propriety of this removal arise, Nationwide respectfully requests

an opportunity to present a brief and argument as to why removal is proper. By filing this Notice of Removal, Nationwide does not waive any jurisdictional or other defenses that might be available to it. In addition, Nationwide expressly reserves the right to move for dismissal of some or all of Spivey's claims, and reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Nationwide respectfully removes the above-captioned action from the Superior Court of Gwinnett County to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Dated: January 16, 2025

Respectfully Submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Eric L. Foster*
Eric L. Foster
Georgia Bar No. 424347
efoster@shb.com
1230 Peachtree St. NE, Suite 1200
Atlanta, Georgia 30309
Tel: (470) 867-6000
Fax: (470) 867-600

*Attorney for Nationwide General Insurance Company*

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this notice of removal has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

*/s/ Eric L. Foster*
Eric L. Foster

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SPIVEY 60 LLC,<br><br>   *Plaintiff*,<br><br>VS.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>   *Defendant*. | Case No. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2025, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system and electronic mail as follows:

Michael D. Turner
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, Georgia 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
fpeebles@lawhuggins.com

               */s/ Eric L. Foster*
               Eric L. Foster